UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PENG GUO, PhD,

    Plaintiff,

v.

MICHIGAN TECHNOLOGICAL
UNIVERSITY and DEAN L. JOHNSON,

    Defendants.

_____/

Case No. 2:21-cv-9

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this Title VII employment discrimination case are Defendant's three motions in limine (ECF Nos. 88, 92, & 96). Plaintiff filed a combined response in opposition (ECF No. 100). Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues. *See* W.D. Mich. LCivR 7.2(d). For the following reasons, the Court denies Defendant's motions

### I.   BACKGROUND

Plaintiff Peng Guo, PhD ("Dr. Guo") was an assistant professor of accounting in Defendant Michigan Technological University ("MTU")'s College of Business, a position she held from 2015 until her resignation in 2019. In January 2021, Dr. Guo initiated this case against MTU and Dean L. Johnson, the Dean of the College of Business, alleging an Equal Pay Act claim, a constructive discharge claim, retaliation claims, race discrimination claims, national origin discrimination claims, gender discrimination claims, and pregnancy discrimination claims. In November 2022, Defendants moved for summary judgment, which the Court granted in part and denied in part.

Specifically, the Court dismissed the claims against Defendant Johnson and dismissed all but one of Dr. Guo's claims against MTU, namely, her pregnancy discrimination claim (7/25/2023 Order, ECF No. 71). The Court determined that there was "a genuine issue of material fact on the pregnancy discrimination issue, albeit fairly slim" (7/25/23 Mot. Hrg. Tr., ECF No. 73 at PageID.529).

The parties engaged in Voluntary Facilitative Mediation in November 2023, which was not successful in resolving their dispute (ECF No. 76). This case was reassigned to the undersigned, and this Court noticed the Final Pretrial Conference for August 27, 2024, and a jury trial for September 9, 2024 (5/22/24 Amended CMO, ECF No. 87). In June 2024, MTU filed these motions in limine, which Dr. Guo opposes.

## II.  ANALYSIS

### A.  Motion Standard

The purpose of a motion in limine is to allow the court to rule on evidentiary issues in advance of trial and facilitate an expeditious trial. *United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999); *see also* FED. R. EVID. 103(c) (stating that court should "prevent inadmissible evidence" from being presented at trial and should do so "by any means"). The resolution of a motion in limine lies "entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). *See also Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012) (a district court's ruling on a motion in limine is reviewed for an abuse of discretion).

Evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is admissible unless excluded under a specific provision of the Constitution, a federal statute, Federal

2

Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Given the nature and timing of motions in limine, a trial court's ruling on a motion in limine is "no more than a preliminary, or advisory, opinion" that the parties may consider when formulating their trial strategies. *Yannott, supra*. A trial court's ruling is "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. *See also Taglieri v. Monasky*, 767 F. App'x 597, 601–02 (6th Cir. 2019) ("[T]rial courts frequently change their evidentiary rulings when they learn of new facts or law."). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

## B.   Discussion

**1. Defendant's Motion in Limine to Exclude References to Wage Disparity Claims (ECF No. 88)**

MTU first moves for an order in limine precluding Dr. Guo from introducing "evidence of [sic] relating to [her] wage disparity claims pursuant to FED. R. EVID. 403" (ECF No. 88 at PageID.568). In support of its motion, MTU argues that how other employees are paid, whether in the College of Business teaching other courses or across the University as a whole, has no bearing on Dr. Guo's pregnancy discrimination claim under Title VII (ECF No. 89 at PageID.574). MTU argues that admission of the evidence would also be unduly prejudicial to it and would likely cause confusion among the jurors (*id.* at PageID.574–575).

MTU's motion is properly denied.

Under Title VII, it is unlawful for an employer to discharge "or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment" on the basis of gender. 42 U.S.C. § 2000e 2(a)(1). Under the Pregnancy Discrimination Act provisions of Title VII, discrimination because of, or on the basis of, pregnancy, childbirth, or related medical conditions is defined as a kind of sex discrimination and is prohibited. *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (citing 42 U.S.C. § 2000e(k)). "Women who are affected by pregnancy, childbirth or related medical conditions are required to be treated the same, for all employment purposes, as other persons not so affected but who are similar in their ability or inability to work." *Id.*

The parties agree that at trial, to prove her claim of pregnancy discrimination under Title VII, Plaintiff will need to show that 1) she was pregnant; 2) she was qualified for her job; 3) she was subjected to an adverse employment decision; and 4) there is a causal nexus between her pregnancy and the adverse employment decision (ECF No. 89 at PageID.574; ECF No. 100 at PageID.617). *See generally Litton v. Talawanda Sch. Dist.*, 485 F. App'x 804, 807 (6th Cir. 2012) (citing cases for the well-established principle that once a "case proceed[s] to trial ... we are no longer concerned with whether the plaintiff established a prima facie case, but instead focus on the actual question of discrimination").

While MTU opines that this Court should not allow references to "facts that solely concern dismissed claims," the evidence of wage disparity may not be "solely" relevant to the claims the Court dismissed. Dr. Guo points out in response that the pay disparity between her salary following her pregnancy, compared with those of her colleagues, is relevant to the issue of discriminatory animus as well as her economic damages (ECF No. 100 at PageID.613). Additionally, while the Court is mindful of avoiding "mini trials" and jury confusion, this case will go to trial on only one claim. Any confusion resulting from admission of pay-disparity

evidence can be properly cleared up with an appropriate jury instruction. In short, based on the existing record, the Court concludes that MTU's first motion in limine is properly denied.

**2. Defendant's Motion in Limine to Exclude References to a Constructive Discharge and Attendant Claims of Adverse Actions (ECF No. 92)**

Next, under Federal Rules of Evidence 401, 402 and 403, MTU moves for an order in limine precluding Dr. Guo from referencing or offering any evidence related to her constructive discharge claim, including any evidence of other alleged adverse employment actions (ECF No. 92 at PageID.580; ECF No. 93 at PageID.589). MTU argues that the following four alleged instances have no direct application to Dr. Guo's pregnancy discrimination claim and their admission would be prejudicial to MTU: (a) "searching" Dr. Guo's office and "seizing" her laptop to update the tax preparation software, (b) rescinding the "Ten Haken fellowship," (c) discontinuing use of a database for research, and (d) placing Dr. Guo in charge of the student tax return program (ECF No. 93 at PageID.587–588).

MTU's motion is properly denied.

In granting Defendants summary judgment on Dr. Guo's constructive discharge claim, this Court found that "the university and the Dean did not act in a manner so as to have communicated to the Plaintiff that she would likely be terminated and that there really wasn't writing on the wall" (Mot. Hrg. Tr., ECF No. 73 at PageID.525, quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 728 (2014) ("[C]onstructive discharge can occur where based on an employer's actions the handwriting was on the wall and the axe was about to fall.")).

Dr. Guo again persuasively argues that although the Court found at the summary-judgment stage that the adverse actions she identified did not rise to the level of a constructive discharge, the incidents are nonetheless relevant to her pregnancy discrimination claim and economic damages (ECF No. 100 at PageID.617). The evidence may be prejudicial to MTU's defense, but the Court

5

agrees that MTU has not currently demonstrated that the evidence would be "unduly prejudicial." MTU's second motion in limine is also denied.

**3. Defendant's Motion in Limine to Exclude References to Tenure Review (ECF No. 96)**

Last, under Federal Rules of Evidence 401, 402 and 403, MTU moves for an order in limine precluding Dr. Guo from referencing or offering any evidence relating to her "Fourth Year Tenure Review" (ECF No. 96 at PageID.594; ECF No. 96 at PageID.596). Defendant argues that the evidence would be both prejudicial to it and confusing to the jury (ECF No. 97 at PageID.599).

MTU's motion is properly denied.

Again, even though Defendant Johnson's critical review may not have been an adverse employment action sufficient to justify Dr. Guo's constructive discharge claim, the evidence may be probative of his discriminatory animus towards Dr. Guo after she became pregnant and took maternity leave. Based on the existing record, the Court determines that the jury should be able to consider whether his actions during the review process exemplify this animus. Therefore, MTU's third motion in limine is denied.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude References to Wage Disparity Claims (ECF No. 88) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude References to a Constructive Discharge and Attendant Claims of Adverse Actions (ECF No. 92) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude References to Tenure Review (ECF No. 96) is DENIED.

Dated: July 10, 2024                                  /s/ Jane M. Beckering
                                                      JANE M. BECKERING
                                                      United States District Judge