UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

PENG GUO, PHD,

Plaintiff,

v.

MICHIGAN TECHNOLOGICAL UNIVERSITY,

Defendant.

Case No. 2:21-cv-9

HON. JANE M. BECKERING

---

**DEFENDANT'S MOTION FOR ORDER ALLOWING DEPOSIT OF FUNDS INTO COURT**

Pursuant to Fed. R. Civ. P. 67(a) Defendant moves this Court for an order allowing it to deposit the judgment amount of $530,979.57 into the Court as there is a dispute between Plaintiff and her former attorneys regarding disposition of the judgment funds.

This motion is based on the record, facts, and legal authorities cited in the Brief in Support submitted with this motion.

Respectfully submitted,

DATED: November 6, 2026

PLUNKETT COONEY

BY: */s/ Michael S. Bogren*
Michael S. Bogren (P34835)
Attorney for Defendant
333 Bridge Street, NW., Suite 530
Grand Rapids, Michigan 49504
(616) 752-4600
mbogren@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

PENG GUO, PHD,

Plaintiff,

v.

MICHIGAN TECHNOLOGICAL UNIVERSITY,

Defendant.

Case No. 2:21-cv-9

HON. JANE M. BECKERING

---

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR ORDER ALLOWING DEPOSIT OF JUDGMENT FUNDS INTO COURT**

**STATEMENT OF FACTS**

A jury returned a verdict for Plaintiff on her Elliott-Larsen Civil Rights Act ("ELCRA") pregnancy-discrimination claim, awarding $205,000. (Plaintiff's Motion, ECF No. 173, PageID.2776). The Court entered an amended judgment awarding trial-level fees, costs, and interest. (ECF No. 173, PageID.2776). Both parties appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed in all respects, rejecting the issues raised by both parties in the appeal. *Guo v. Michigan Tech. Univ.*, No. 24-1891, 2026 WL 1805563 (6th Cir. June 23, 2026). This Court subsequently granted Plaintiff's motion for appellate attorney fees in part, awarding $17,825.50. (ECF No. 175, PageID.2868). The Court entered a Second Amended Judgment (ECF No. 176), consisting of damages in the amount of $205,000.00; Costs of $17,277.43; Attorney's Fees in the amount of $204,037.50; Appellate Attorney's Fees in the amount of $17,825.50; Pre-judgment interest under M.C.L. 600.6013(1); and Post-judgment interest under 28 U.S.C. § 1961). (*Id.*, PageID.2869).

On October 23, 2026, Plaintiff sent an email to counsel for Defendant informing counsel that Mr. Brian Farrar's representation of Plaintiff ended on October 22, 2026. (Exhibit A). Mr. Farrar then filed a Notice of Attorney's Charging Lien. (ECF No. 177, October 30, 2026).

Counsel for Defendant has calculated the amount if interest on the judgment amounts, both prejudgment interest under M.C.L. 600.6013(8) and post judgment interest under 28 U.S.C. § 1961, as required by the Court's judgment. Interest was calculated on the following items:

**Amounts Awarded**

| Item | Amount |
|---|---|
| Past economic damages | $5,000.00 |
| Past non-economic damages | $100,000.00 |
| Future non-economic damages | $100,000.00 |
| Costs | $17,277.43 |
| Trial attorney's fees | $204,037.50 |
| Appellate attorney's fees | $17,825.50 |
| **Principal total** | **$444,140.43** |

The total prejudgment interest was determined to be $43,164.60, calculated as follows:

**Prejudgment Interest Calculation**

| Interval | Rate | Interest Base | Interest |
|---|---|---|---|
| 1/12/2021 – 7/12/2021 | 1.330% | $326,314.93 | $2,152.16 |
| 7/12/2021 – 1/12/2022 | 1.739% | $326,314.93 | $2,860.63 |
| 1/12/2022 – 7/12/2022 | 2.045% | $331,327.72 | $3,359.98 |

| Interval | Rate | Interest Base | Interest |
|---|---|---|---|
| 7/12/2022 – 1/12/2023 | 3.458% | $331,327.72 | $5,775.74 |
| 1/12/2023 – 7/12/2023 | 4.743% | $340,463.44 | $8,007.73 |
| 7/12/2023 – 1/12/2024 | 4.762% | $340,463.44 | $8,173.06 |
| 1/12/2024 – 7/12/2024 | 5.392% | $356,644.23 | $9,588.79 |
| 7/12/2024 – 9/12/2024 | 5.359% | $356,644.23 | $3,246.52 |
| **Total prejudgment interest** | | | **$43,164.60** |

The total post judgment interest was determined to be $43,674.54, calculated as follows:

**Post judgment Interest Calculation**

| Period | Rate | Interest Base | Interest |
|---|---|---|---|
| 9/12/2024 – 9/12/2025 | 4.22% | $469,479.53 | $19,812.04 |
| 9/12/2025 – 9/12/2026 | 4.22% | $489,291.57 | $20,648.10 |
| 9/12/2026 – 11/5/2026 | 4.22% | $509,939.67 | $3,183.70 |
| Appellate fees, 10/22/2026 – 11/5/2026 | 4.49% | $17,825.50 | $30.70 |
| **Total post judgment interest** | | | **$43,674.54** |

**Total Amount of Judgment as of November 5, 2026**

| Component | Amount |
|---|---|
| Damages | $205,000.00 |
| Costs | $17,277.43 |
| Trial attorney's fees | $204,037.50 |
| Appellate attorney's fees | $17,825.50 |
| Prejudgment interest | $43,164.60 |
| Post judgment interest | $43,674.54 |

| Component | Amount |
|---|---|
| **Total** | **$530,979.57**[1] |

**ARGUMENT**

Fed. R. Civ. P. 67(a) states:

> Depositing Property. If any part of the relief sought is ***a money judgment*** or the disposition of a sum of money or some other deliverable thing, ***a party***--on notice to every other party and by leave of court--***may deposit with the court all or part of the money*** or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit. (Emphasis added).

"The decision whether to allow a Rule 67 deposit lies within the discretion of the district court." *Eiss v. PHH Mortg. Corp*., No. 17-13141, 2022 WL 2388733, at *1-2 (E.D. Mich. Mar. 25, 2022), (Hood, J.), citing *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989); *Gulf States Utilities Co. v. Alabama Power Co*., 824 F.2d 1465, 1475 (5th Cir. 1987).

"The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute." Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2991 (3d ed.) § 2991 Payment into Court. "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc*., 484 F.3d 106, 113 (1st Cir. 2007). See also, *Fulton Dental, LLC v. Bisco, Inc*., 860 F.3d 541 (7th Cir. 2017).

[1] Interest accrues at the rate of $61.52/day. Interest ceases to accrue upon deposit of the judgment funds with the Court. *United States v. Bank of Celina*, 823 F.2d 911 (6th Cir.1986); *BP Exploration & Oil Co. v. Maintenance Servs., Inc*., 313 F.3d 936, 948 (6th Cir. 2002) "[O]nce a defendant unconditionally tenders payment, the rationale for imposing post-judgment interest no longer applies."

Here, the distribution of the judgment fund is in dispute between Plaintiff and her now former attorneys. Defendant seeks permission from the Court to deposit the disputed funds into the Court while that dispute is resolved. Depositing the funds into Court will end Defendant's obligation to pay accruing interest. *United States v. Bank of Celina; BP Exploration & Oil Co. v. Maintenance Servs., Inc., supra.* Defendant is prepared to distribute the funds but cannot do so until the dispute between Plaintiff and her former attorneys is resolved. It would be patently unfair to require Defendant to be responsible for paying daily accruing interest while that dispute is ongoing. The dispute was not created by the Defendant, and the Defendant should not be held responsible for additional interest while that dispute is ongoing.

## RELIEF REQUESTED

Defendant respectfully requests the Court grants its motion to deposit the judgment funds into the Court pursuant to Fed. R. Civ. P. 67(a).

Respectfully submitted,

DATED: November 6, 2026 PLUNKETT COONEY

BY: */s/ Michael S. Bogren*
Michael S. Bogren (P34835)
Attorney for Defendant
333 Bridge Street, NW., Suite 530
Grand Rapids, Michigan 49504
(616) 752-4600
mbogren@plunkettcooney.com

**PROOF OF SERVICE**

The undersigned certifies that on November 6, 2026, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

| | |
|---|---|
| ☐ Hand delivery | ☐ Overnight mail |
| ☐ U.S. Mail | ☐ Facsimile |
| ☐ Email | ☒ Electronic e-file |

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Arnela Ahmetovic*
Arnela Ahmetovic

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

PENG GUO, PHD,

Plaintiff,

v.

MICHIGAN TECHNOLOGICAL UNIVERSITY,

Defendant.

Case No. 2:21-cv-9

HON. JANE BECKERING

---

**CERTIFICATE OF COMPLIANCE REGARDING CONCURRENCE AND WORD COUNT**

Michael S. Bogren, counsel for defendant, hereby certifies that he contacted Plaintiff and Plaintiff's former counsel, Brian Farrar, on November 5, 2026, seeking their concurrence in this Motion to Deposit Funds. Plaintiff concurred in the relief sought, but her former counsel did not concur. This request for concurrence was done in compliance with W.D. LCivR 7.1(d).

In addition, counsel for defendant hereby certifies that Defendant's Response to Plaintiff's Objection Regarding Magistrate Judge's Ruling Dismissing Plaintiff's State Law Claims contains 1,168 words, using Microsoft Office Standard 2010, in compliance with W.D. LCivR 7.2(b)(i).

Dated: November 6, 2026

Respectfully submitted,

PLUNKETT COONEY

BY: */s/ Michael S. Bogren*
Michael S. Bogren (P34835)
Attorney for Defendant
mbogren@plunkettcooney.com