UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

PENG GUO, Ph.D.,

Plaintiff,

Case No. 2:21-cv-9
Hon. Jane M. Beckering

vs.

MICHIGAN TECHNOLOGICAL UNIVERSITY,

Defendant.

_______________________________/

**RESPONSE OF INTERESTED PARTY STERLING ATTORNEYS AT LAW, P.C. TO DEFENDANT'S MOTION TO DEPOSIT FUNDS, AND REQUEST FOR A STATUS CONFERENCE**

Sterling Attorneys at Law, P.C. ("Sterling" and "Interested Party"), former counsel of record for Plaintiff Peng Guo, PhD, and the holder of an attorney's charging lien on the judgment (ECF No. 177), submits this response to Defendant Michigan Technological University's ("MTU") Motion for Order Allowing Deposit of Funds Into The Court (ECF No. 178).

## INTRODUCTION

Sterling does not oppose, in principle, MTU's deposit of the judgment proceeds into the Court's registry. A neutral deposit pending resolution of the distribution is sensible, and Sterling generally consented to that approach before the motion was filed. Sterling writes to correct one statement in MTU's motion

and to make three related points that will assist in the prompt and fair resolution of the fee issue.

First, MTU's certificate states that Sterling "did not concur" in the motion. That is not entirely accurate: Sterling did not decline to concur in a deposit; it asked MTU to clarify the interest computation that drives the deposit amount, and MTU did not respond before filing. Second, a Rule 67 deposit cuts off the accrual of interest only to the extent of the full and correct judgment amount actually deposited. If the deposited sum understates the judgment (as we believe is the case here), interest continues to accrue on the shortfall. Specifically, the $530,979.57 figure MTU proposes to deposit improperly excludes prejudgment interest on the $100,000 in future non-economic damages and the $17,825.50 appellate-fee award. Also, the post judgment interest must be calculated from the date of judgment, not the date of verdict. Thus, a portion of Defendant's calculation of interest on the $204,037.50 trial court attorney fee award improperly uses the lower federal interest rate from September 12, 2024 until January 13, 2025, the date of the Amended Judgment (ECR 152).

Last but not least, because the Court has already determined the amount and reasonableness of the attorney fees at issue in this case, Sterling respectfully requests that the Court set a prompt status conference and, if needed, an evidentiary hearing, so that the distribution and Sterling's charging lien can be resolved without delay.

## BACKGROUND

A jury found MTU liable to Dr. Guo under the Elliott-Larsen Civil Rights Act and awarded $205,000 in damages (Verdict, Sept. 12, 2024, ECF No. 135). This Court then entered an Amended Judgment awarding $204,037.50 in trial attorney's fees and $17,277.43 in costs (Amended Judgment, Jan. 13, 2025, ECF No. 152). After both sides appealed, the Sixth Circuit affirmed, and this Court awarded appellate attorney fees of $17,825.50 (Opinion and Order, ECF No. 175; Second Amended Judgment, ECF No. 176). The Second Amended Judgment also included prejudgment interest under MCL 600.6013 and post-judgment interest under 28 USC 1961. *Id.* The principal total is $444,140.43. *Id.*

For reasons that are not entirely clear, Dr. Guo contends that a fee dispute exists between her and Sterling. She has not articulated the basis for that dispute. As explained more fully in Section IV below, Sterling is not clear on the nature of the dispute or what portion of Sterling's fee Dr. Guo is contesting. Sterling's trial and appellate time and billing records were provided to Dr. Guo and were filed with the Court in support of the fee petitions this Court has already adjudicated. Upon reviewing those records, the Court determined the reasonable trial fee ($204,037.50) and the reasonable appellate fee ($17,825.50)(Opinion and Order at 4, 8). Because of the apparent dispute over the allocation of fees, Sterling has filed a Notice of Attorney's Charging Lien on the judgment (Notice of Charging Lien, ECF No. 177). MTU now moves under

Fed R Civ P 67(a) to deposit $530,979.57, representing its computation of the judgment plus prejudgment interest of $43,164.60 and post-judgment interest of $43,674.54.

## ARGUMENT

### I. MTU incorrectly states that Sterling did not concur in the motion.

As an initial matter, MTU's certificate states that Plaintiff concurred but "her former counsel did not concur" is not completely accurate (Defendant's Motion at 8.) Sterling did not refuse to concur in the proposed deposit. When MTU sought concurrence, Sterling asked MTU to clarify how it had calculated the interest reflected in the deposit amount — the same understatement addressed below — and MTU did not respond before filing. Sterling does not oppose the deposit mechanism; it asks only that the amount deposited be correct and that any deposit be tied to a hearing to ensure prompt distribution of the funds.

### II. Sterling does not oppose a deposit, but a deposit stops interest only to the extent the full, correct judgment amount is actually deposited.

MTU correctly acknowledges in its motion that interest ceases to accrue only upon deposit of the funds (Defendant's Motion at 5.) However, § 1961 interest accrues until the funds are actually deposited, and a deposit that falls short of the amount due does not discharge the shortfall. A deposit therefore stops interest only to the extent, and as of the date, funds are actually paid in.

Any remaining balance continues to accrue interest until the judgment is paid in full.

Accordingly, if the Court grants leave to deposit, Sterling requests that the order direct MTU to deposit the full and correct judgment amount, and provide that interest continues to accrue on any shortfall until the full amount is deposited.

## III. MTU's proposed deposit understates the judgment because its prejudgment-interest base is incorrect.

Michigan prejudgment interest is calculated on the entire money judgment, including fees and costs, from the date the complaint was filed. MCL 600.6013(8). For complaints filed on or after January 1, 1987, interest "is calculated on the entire amount of the money judgment, including attorney fees and other costs," at six-month intervals "from the date of filing the complaint." *Id.* The Michigan Supreme Court has held that this interest accrues on attorney fees and costs from the filing of the complaint, not from the later date of the award, because the statute "provides no special treatment" and makes no exception. *Ayar v Foodland Distributors*, 472 Mich 713, 717–718 (2005). The only carve-out delaying interest on fees and costs to the entry of judgment is for medical-malpractice actions, which this is not. MCL 600.6013(8).

### A. The $100,000 in future non-economic damages belongs in the interest base.

The sole exclusion from the base is for "future damages," and only "from the date of filing the complaint to the date of entry of the judgment." MCL 600.6013(1). "Future damages," however, is a defined term limited to "damages arising from personal injury," meaning "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301. On facts materially similar to these — a civil-rights judgment with a future-damages component and no bodily injury — the Michigan Court of Appeals held the exclusion inapplicable and the plaintiff "entitled to prejudgment interest when the suit does not result from a personal bodily injury." *Paulitch v Detroit Edison Co*, 208 Mich App 656, 662–663 (1995). Dr. Guo's ELCRA pregnancy-discrimination judgment does not arise from bodily injury, so the $100,000 future non-economic award belongs in the base.

### B. The appellate-fee award likewise belongs in the base from the filing of the complaint.

Because MCL 600.6013(8) applies to "the entire amount of the money judgment, including attorney fees and other costs," and interest on such fees runs from the filing of the complaint without interruption, the $17,825.50 appellate-fee component is part of the base as well. *Ayar*, 472 Mich at 717–718.

## C. MTU improperly excluded both items and ended the state-interest period too early.

MTU computed Michigan prejudgment interest on an opening base of $326,314.93 — the principal of $444,140.43 less exactly the $100,000 future non-economic damages and the $17,825.50 appellate fees (Defendant's Motion at 3). Those exclusions are contrary to MCL 600.6013(8) and 600.6301 and the authority above.

MTU also ended the Michigan prejudgment period at the verdict rather than the judgment, running Michigan interest only through the September 12, 2024 verdict and applying the lower federal rate from that date (Defendant's Motion at 4). Post-judgment interest, however, runs from "the date of the entry of judgment," not the date of the verdict. *Kaiser Aluminum & Chem Corp v Bonjorno*, 494 US 827, 835 (1990). In this Circuit the boundary is the first judgment that meaningfully ascertained the damages — here the January 13, 2025 Amended Judgment. *Whitesell Corp v Whirlpool Corp*, 496 F Appx 551, 557 (6th Cir 2012). Applying the lower federal rate from the September 2024 verdict therefore understated the interest for the intervening period. Sterling does not dispute that the federal rate under § 1961 governs the post-judgment period, even on a state-law claim, but the Michigan rate should have run through entry of the Amended Judgment.

### D. Corrected prejudgment interest.

Using MTU's own semiannual rates, intervals, day-counts, and annual compounding, but applying the correct principal of $444,140.43, prejudgment interest is approximately $58,750, not $43,164.60 — a difference of roughly $15,586, before accounting for the boundary issue in Part III.C, which would increase it further:

These figures are preliminary and offered to illustrate the understatement. Sterling is prepared to confer with MTU to reconcile the computation. Because the correct judgment exceeds the $530,979.57 MTU proposes to deposit, a deposit limited to that figure would leave interest accruing on the difference.

## IV. There is no genuine dispute over Sterling's fees, and the Court should set a prompt status conference.

What MTU describes as a "dispute between Plaintiff and her former attorneys" does not concern the amount or reasonableness of Sterling's court-awarded fees. Sterling provided its complete time and billing records to Dr. Guo and filed them with the Court, and the Court has already determined the reasonable fees (Opinion and Order at 4, 8). Sterling does not challenge those determinations, and nothing in the record indicates that Dr. Guo challenges them either. Sterling has repeatedly asked Dr. Guo to identify the nature of any dispute and has received no substantive response.

What remains is the allocation of the undisputed proceeds between Dr. Guo and Sterling, which Sterling's charging lien is designed to resolve and which the Court can adjudicate promptly. Given the recent breakdown in communication with Dr. Guo, Sterling respectfully requests that the Court set a status conference and, if the Court finds it necessary, an evidentiary hearing, to determine whether any actual dispute exists and to resolve the charging lien and distribution. A prompt conference serves all parties: it allows the undisputed portion of the judgment to be paid to Dr. Guo and the undisputed portion of the judgment be paid to Sterling without delay and permits any disputed portion to be resolved on an orderly schedule.

## RELIEF REQUESTED

Sterling respectfully requests that the Court:

1. To the extent it grants leave to deposit, direct that MTU deposit the full and correct judgment amount, and order that interest continues to accrue on any shortfall until the full amount is deposited;
2. Set a prompt status conference and, if necessary, an evidentiary hearing to identify any actual dispute, resolve Sterling's attorneys' charging lien, and direct distribution of the judgment proceeds; and
3. Grant such further relief as is just.

**PROOF OF SERVICE**

I certify that on November 18, 2026, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all attorneys of record. I am also sending this response to Plaintiff, Dr. Peng Guo electronically and via First Class Mail.

/s/Brian J. Farrar

Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Jennifer L. Lord (P46912)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

## CERTIFICATE OF COMPLIANCE

I, Brian J. Farrar, certify that this brief is the appropriate length per Local Rule LCivR 7.2(b)(i), that it contains 1862 words generated by Microsoft Office 365 word processing software, excluding case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, and affidavits.

/s/Brian J. Farrar
Brian J. Farrar (P79404)